IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS K. UHDE

                   Petitioner,                       ORDER

        v.                                   3:07-cv-00714-bbc

PAM WALLACE, Warden, THOMAS KARLEN,
Deputy Warden, MATTHEW FRANKS, Secretary
of the Department of Corrections, RICK RAEMISCH,
Secretary of the Department of Corrections, S. SALTER,
Security Director, KEN MILBECK, Corrections Unit
Manager, CHERYL WEBSTER, Corrections Unit
Manager, ROBIN BOYD, Corrections Unit Manager,
JERRY SWEENY, Corrections Unit Manager, PATRICK
LYNCH, Corrections Unit Manager, M. KASTEN,
Captain, SEMANKO, Lieutenant, MATTHEW GERBER,
Inmate Complaint Examiner, TOM GOZINSKE,
Corrections Complaint Examiner, ANDERSON,
Segregation Sgt., DORF, Sgt., KACZMAREK,
Segregation Sgt., SEICHTER, Segregation Sgt.,
KRUM, Segregation Sgt., CICHA, Corrections
Officer and TEMPSHI, Corrections Officer,

                   Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil action for declaratory, injunctive and monetary relief, petitioner

has submitted a 55-page document in which he alleges a variety of claims against a host of

1

respondents. In addition, petitioner has submitted 50 pages of exhibits and a handbook titled "Rules of Department of Corrections Division of Adult Institution DOC 303." He has requested leave to proceed in forma pauperis. In an order dated December 31, 2007, I told petitioner that before I could decide whether he can proceed with his complaint in forma pauperis, he would have to make an initial partial payment of the $350 filing fee in the amount of $2.11.

Now petitioner has paid the $2.11 initial partial filing fee. However, I must delay once again a ruling on petitioner's request for leave to proceed in forma pauperis because petitioner's complaint violates Fed. R. Civ. P. 8 as submitted.

Fed. R. Civ. P. 8. requires that a complaint 1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . .; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought . . . ." Pursuant to Rule 8(d), "each allegation must be simple, concise, and direct."

Petitioner's 55-page submission is neither short nor plain and it fails to give respondents the notice to which they are entitled. Petitioner's allegations of "outrageous conduct" span a list of legal theories from various federal and state statutes and Department of Corrections regulations. The list of parties alone covers nine full pages and includes twenty-one respondents holding positions at the Department of Corrections and three separate Wisconsin prisons. That is only the beginning.

2

Following the list of respondents is petitioner's 14-page statement of facts primarily concerning the implementation of a policy of "triple-celling" at Stanley Correctional Institution. However, sprinkled in among his discussion of the triple-celling policy are claims regarding denial of access to the law library, conditions of confinement at Stanley and his participation in a "highly restrictive and discriminatory" reintegration program. Petitioner concludes his complaint with 58 paragraphs setting forth the relief to which he believes he is entitled, including monetary damages totaling $3,550,000.

An additional problem with petitioner's proposed complaint is the 50-page packet of exhibits and "Rules of Department of Corrections" handbook he has submitted. Ordinarily, a complaint should not be accompanied by evidentiary materials that may be useful to prove the claims raised in the complaint. The submission of evidentiary materials is proper in support of motions for a preliminary injunction or summary judgment, or at trial. Petitioner's attempts to incorporate the content of the exhibits into the complaint are contrary to the dictates of Rule 8. "The primary purpose of [Rule 8] is rooted in fair notice: a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994) (119-page, 385-paragraph complaint "violated the letter and spirit of Rule 8(a).")

Because petitioner's complaint does not comply with Rule 8, I must dismiss it without

3

prejudice. Petitioner is free to file an amended complaint in which he 1) sets out his claims against each of the respondents in short and plain statements made in numbered paragraphs; 2) removes the exhibits and eliminate the references to them; and 3) identifies exactly what relief he wants from the court.

In deciding which claims should be included in the complaint, petitioner should be aware of the limitations of Fed. R. Civ. P. 20. As the court of appeals held recently in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), a plaintiff may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. For example, a claim against the segregation sergeant for ignoring petitioner's request to use the law library does not belong in the same lawsuit as a claim against different correctional officers for allegedly placing petitioner in segregation illegally. If petitioner wishes to challenge unrelated matters against different respondents, he will have to file separate lawsuits.

If petitioner submits a complaint that complies with Rule 8, I will enter an order on his motion for leave to proceed in forma pauperis. However, if he fails to submit a complaint that complies with Rule 8, I will dismiss this case on the court's own motion. To assist petitioner in revising his complaint, I am returning a copy of his complaint and the

4

original exhibits to him with this order. The court will retain the original complaint and copies of his exhibits for record purposes only.

ORDER

IT IS ORDERED that petitioner's complaint is DISMISSED for his failure to comply with Fed. R. Civ. P. 8. Petitioner may have until February 11, 2008, in which to submit a proposed complaint that conforms to the requirements of Fed. R. Civ. P. 8, as explained above. If, by February 11, 2008, petitioner fails to file the required amended complaint or show cause for his failure to do so, then this case will be dismissed without prejudice on the court's own motion.

Entered this 28th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge